**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ELVIA CORDERO, as personal
representative of the Estate of Robert
Montes,

      Plaintiff - Appellee,

v.

TODD FROATS; PETER BRADLEY;
CODY AUSTIN, individually and in their
official capacity as members of the Las
Cruces Police Department; CITY OF LAS
CRUCES,

      Defendants - Appellants.

No. 15-2026
(D. New Mexico)
(D.C. No. 2:13-CV-00031-JCH-GBW)

**ORDER**[*]

Before, **HARTZ**, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

Plaintiff Elvia Cordero, as personal representative of the estate of Robert Montes,

filed a complaint in the United States District Court for the District of New Mexico

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.
R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without
oral argument.

against the City of Las Cruces, New Mexico (the City), and three officers of the Las Cruces Police Department. Plaintiff asserted that the officers violated Montes's constitutional rights by using excessive force when they shot and killed him. The district court denied the defendants' motion for summary judgment, concluding that a jury could find that the officers' use of deadly force was unreasonable. The defendants filed an interlocutory appeal, arguing that the court's conclusion was contrary to the record. We requested briefing on the issue of appellate jurisdiction and now dismiss the appeal for lack of jurisdiction.

The officers argued below that they are entitled to qualified immunity. We have jurisdiction to review an interlocutory appeal from the denial of qualified immunity. *See Felders v. Malcom*, 755 F.3d 870, 878 (10th Cir. 2014). "[W]e ordinarily do not consider questions about what facts a jury might reasonably find—that is the exclusive job of the district court." *Id.* We do, however, recognize an exception to that rule when "the version of events the district court found a reasonable jury could believe is blatantly contradicted by the record." *Id.* n.2 (internal quotation marks omitted).

In this case the parties agree that our jurisdiction depends on whether the evidence of Plaintiff's witnesses is "blatantly contradicted by the record." Those witnesses state that the officers shot Montes while he was handcuffed, unarmed, and fleeing. The officers acknowledge that if those witnesses can be believed, they are not entitled to qualified immunity. But they contend that audio recordings, a videotape, and physical evidence totally undermine Plaintiff's witnesses. They argue that "[t]he totality of the

record establishes that Montes retrieved, pointed, and fired a handgun at the Officers before they returned fire . . . ." Aplt. Br. at 11.

We have reviewed that evidence. We agree that it strongly supports the defendants' position. But we cannot say that it "blatantly contradicts" the Plaintiff's witnesses. The standard is a very difficult one to satisfy. For example, it would not be enough that we disagreed with the district court and think that summary judgment for the defendants should have been granted. If that were the standard, we could, contrary to *Felders*, review a denial of summary judgment whenever the district court's assessment of the facts was questioned. If the video showed Montes holding a gun and firing at the officers, the contradiction would be blatant. *See Scott v. Harris*, 550 U.S. 372 (2007). But the video here does not clearly show Montes holding a gun. We hold that this is not the rare, exceptional case in which we can resolve disputed facts.

As for the City's appeal, a municipality cannot raise the defense of qualified immunity, so it ordinarily could not appeal the denial of its summary-judgment motion. If we had jurisdiction over the officers' appeal, we might have pendent jurisdiction to hear the City's appeal. *See Lynch v. Barrett*, 703 F.3d 1153, 1163 (10th Cir. 2013). But because we lack jurisdiction to hear the officers' appeals, we necessarily lack jurisdiction to hear the City's.

3

We DISMISS the appeal for lack of jurisdiction.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

4